*36 Vroom.*     Grey, Att'y-Gen'l, v. Newark Plank Rd. Co.

SAMUEL H. GREY, ATTORNEY-GENERAL, DEFENDANT IN ERROR, v. THE NEWARK PLANK ROAD COMPANY, PLAINTIFF IN ERROR.

Argued November 27, 1900—Decided March 4, 1901.

1. On the expiration of the charter of a corporation, the corporate existence is continued by section 53 of "An act concerning corporations" (*Pamph. L.* 1896, *p.* 277), for the purposes therein mentioned, and consequently upon a determination in *quo warranto* proceedings that the charter has expired, a judgment ousting the corporation from enjoying the franchise of corporate existence should not be rendered.

2. If, on a demurrer in *quo warranto* proceedings, any count of the information legally states matter capable of supporting the information, and there is no plea legally stating a sufficient answer thereto, the defendant cannot be acquitted.

On *quo warranto.* On error to the Supreme Court. For opinion of the Supreme Court, see *ante p.* 51.

For the plaintiff in error, *James B. Vredenburgh* and *Richard V. Lindabury.*

For the attorney-general, *Henry Young* and *Samuel Kalisch.*

The opinion of the court was delivered by

DIXON, J. We concur in the opinion of the Supreme Court, but we think that the judgment entered was not thereby warranted. In its concluding sentence the opinion declares that the defendant company will still continue to be a body corporate for the purposes in section 59 of the act concerning corporations specified. The reference is to section 59 of the act of April 7th, 1875, now section 53 of the act of April 21st, 1896 (*Pamph. L., p.* 277), which ordains that "all corporations, whether they expire by their own limitation or be annulled by the legislature or otherwise dissolved, shall be continued bodies corporate for the purpose of prosecuting and defending suits by or against them, and of

enabling them to settle and close their affairs, to dispose of and convey their property and to divide their capital, but not for the purpose of continuing the business for which they were established."

In the face of this statute, the judgment entered is "that the said Newark Plank Road Company be, and they hereby are, ousted from exercising and enjoying the franchise of a body politic and corporate by the name and style of the Newark Plank Road Company."

This judgment should be reversed, and in its stead should be entered a judgment that the corporate existence of said company has terminated except so far as it is continued by the said section, and that the company be ousted from the exercise and enjoyment of all franchises except such as are thereby conferred.

In view of the act of 1896, the information might, perhaps, have been more artistically framed, yet it is, in substance, sufficient to justify the judgment above ordered. It contains three counts, the second and third of which, at least, expressly charge the exercise of the franchises granted by the charter and its supplements. To each count the defendant has filed separate pleas, and the attorney-general has filed a single demurrer to all the pleas. On this condition of the record, the question first arising is whether any count legally states matter capable of supporting the information; if there be no such count, the defendant is entitled to a judgment of acquittal; if there be such a count or counts, the second question is whether the pleas legally state matter which defeats every count of that character; if they do, then also is the defendant entitled to an acquittal; but if there be any count legally stating matter capable of supporting the information, and no plea legally stating a sufficient answer thereto, then on every such count the defendant must be convicted and an appropriate judgment of ouster be rendered. The defendant cannot have a general acquittal while there remains on the record a legal cause of complaint which is not sufficiently answered. *Boydell* v. *Jones,* 4 *Mees. & W.* 446; *Coney* v. *Harney,* 24 *Vroom* 53.

Whatever question exists as to the first count charging any usurpation beyond the franchise of corporate existence, the second and third counts certainly charge usurpation of the franchises conferred by the charter and supplements, and for these, no warrant outside of said section 53 appears. On these counts the judgment ordered can stand.

*For affirmance*—None.

*For reversal and modification*—THE CHANCELLOR, DIXON, COLLINS, FORT, BOGERT, KRUEGER, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES.   10.