KELLY & JONES CO. v. HOWARD M. HOOKER & CO.

(Circuit Court of Appeals, Third Circuit. January 31, 1910.)

No. 86 (1,292).

CORPORATIONS (§ 630*)—DISSOLUTION—RIGHT OF DISSOLVED CORPORATION TO MAINTAIN SUIT.

Under section 59 of the general incorporation act of New Jersey (1 Gen. St. 1895, p. 918), which provides that all corporations, whether they expire by their own limitation or be otherwise dissolved, shall be continued bodies corporate for the purpose of closing up their affairs and of prosecuting and defending suits, but not for the purpose of continuing the business for which they were established, as construed by the highest court of the state, a corporation whose charter has been revoked by the Governor under authority of law may maintain an action in another state for a purpose thereby authorized, notwithstanding an allegation that it is authorized to do business in the state of suit, which is untrue, but is not material to the real issue, nor prejudicial to the defense.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2482, 2483; Dec. Dig. § 630.*]

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Action by Howard M. Hooker & Co. against the Kelly & Jones Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

R. A. & James Balph, for plaintiff in error. George E. Shaw, for defendants in error.

Before GRAY and LANNING, Circuit Judges, and J. B. McPHERSON, District Judge.

LANNING, Circuit Judge. Howard M. Hooker & Co. is a corporation organized under the laws of the state of New Jersey. Pur-

suant to those laws the Governor of New Jersey, on January 18, 1908, by his proclamation, declared the charter of the corporation repealed for the nonpayment of taxes. Section 53 of the general corporations act of New Jersey (1 Gen. St. 1895, p. 918) is as follows:

"All corporations, whether they expire by their own limitation or be annulled by the Legislature or otherwise dissolved, shall be continued bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them to settle and close their affairs, to dispose of and convey their property and to divide their capital, but not for the purpose of continuing the business for which they were established."

This action was commenced in the name of Howard M. Hooker & Co. against the Kelly & Jones Company about two months after the date of the Governor's proclamation. Judgment was rendered in favor of the plaintiff below, and the only question now presented for our consideration is thus stated by the defendant:

"Where a state law provides that a corporation whose charter has been revoked for nonpayment of taxes cannot thereafter transact any business, except in winding up its affairs, can such defunct corporation maintain a suit without offering evidence to bring it within the exception, especially where, as in this case, the statement of claim alleges that at the time of bringing suit it was authorized to do business generally, and where the defendant denies the plaintiff's power to sue, and proves on the trial that the charter had been revoked before suit?"

The highest court of New Jersey has held that a corporation whose charter has been repealed by the proclamation of the Governor is nevertheless continued a body politic for the purposes mentioned in section 53 above quoted. American Surety Co. v. Great White Spirit Co., 58 N. J. Eq. 526, 43 Atl. 579. The averment in the plaintiff's statement of claim that it was, at the time of commencing its suit, authorized to do business in the state of Pennsylvania, and to buy, sell, and deal in coke, coal, and other materials, was not true; but that averment was not material to the real issue, and did not in any wise embarrass the defendant in its defense on the merits.

Our conclusion, therefore, is that the judgment of the Circuit Court should be affirmed, with costs.

NOTE.—The following is the opinion of Buffington, Circuit Judge, in the court below:

BUFFINGTON, Circuit Judge. After argument and due consideration, we are of opinion defendant's motion for judgment non obstante veredicto should be denied. The plaintiff company's disability by reason of prior nonregistration in compliance with the Pennsylvania act of April 22, 1874 (P. L. 108), was removed by its subsequent compliance with the requirements of the curative act of that state of May 23, 1907 (P. L. 205), which provided: "That whenever any corporation organized and existing under the laws of any other state, and doing business within this commonwealth, shall have heretofore entered into any contract, bond or obligation with any person, firm or corporation, without having first established a known place or places of business and designated an authorized agent or agents for the transaction of its business in this commonwealth, the said contract, bond or obligation shall be binding upon the parties thereto, and such corporation may enforce the same in the courts of this commonwealth: Provided that it has subsequently, and prior to the passage of this act, complied with the laws of this commonwealth by establishing a known place or places of business and designating an authorized agent or agents for the transaction of its business within the same: And provided fur-

ther, that it shall, before commencing any suit upon such contract, bond or obligation, pay all taxes that would have accrued to the commonwealth of Pennsylvania if it had complied with the laws of Pennsylvania at the time of beginning to do business therein." This disposes of defendant's first ground in support of its motion.

The second ground, namely, the failure to register as provided by section 19 of the act of June 1, 1889 (P. L. 420), is met by the case of Pittsburgh, Va. & C. Railway Co. v. P., C. & St. L. Ry. Co., 159 Pa. 331, 28 Atl. 155, which holds that act is merely directory, and only concerns the payment of state taxes.

As to the third ground, namely, that the plaintiff company cannot maintain this suit by reason of the invalidation of its charter by the state of New Jersey, which created it, it is sufficient to say that the laws of New Jersey prevent such a result. See 1 Gen. St. N. J. 1895, p. 918, § 53. That section provides: "All corporations, whether they expire by their own limitation or be annulled by the Legislature or otherwise dissolved shall be continued bodies corporate for the purpose of prosecuting and defending suits by or against them and to enable them to settle and close their affairs, to dispose of and convey their property, and to divide their capital, but not for the purpose of continuing the business for which they were established." And it is held by the courts of New Jersey—Grey v. Newark Plank Road Co., 65 N. J. Law, 603, 48 Atl. 557, and American Surety Company v. Great White Spirit Co., 58 N. J. Eq. 526, 43 Atl. 579—that, for the purpose of closing up its affairs, such a corporation still retains corporate power.

In accordance with these views, judgment will be entered for the plaintiff on the verdict.