### ATKINS v. W. A. HARRIMAN & CO., Inc.

Circuit Court of Appeals, Second Circuit.

Feb. 13, 1934.

Edward P. Marshall, of Tulsa, Okl., for appellant.

John Vance Hewitt, of New York City, for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

PER CURIAM.

■ The defendant, a Delaware corporation, was dissolved on January 6, 1931; the plaintiff sued it in the District Court on January 12, 1931, which was in season because by section 40 of the Delaware General Corporation Act (Rev. Code 1915, § 1954, as amended by 34 Del. Laws, c. 112, § 9) its corporate life was extended for three years for purposes of suits by or against it. In the case of suits pending at dissolution, the section extends this time until the suit ends, and so too if the corporation begins a suit within three years after dissolution. But suits begun against the corporation after dissolution apparently abate at the end of three years. Nevertheless, we think that the cause of action at bar survived when the state chancery court under section 43 (Rev. Code 1915, § 1957, as amended by 34 Del. Laws, c. 112, § 11) appointed receivers to represent the defunct corporation. We so held as to a cause of action of which the corporation was obligee [American Transportation Co. v. Swift & Co., 24 F.(2d) 310]; and, although the language is not too clear, the section seems also to comprise those in which it is obligor. Such receivers are not merely custodians, like ordinary chancery receivers, but representatives of the corporation, as executors are representatives of a dead man.

■ Here the appeal was pending on January 6, 1934, when the three years ended and the suit abated. It seems to us that the situation falls within rule 17, subd. 1, of our own rules, again by analogy to the death of an individual. In such a case, if the proper representatives of an appellee do not voluntarily appear, the appellant may suggest the death on the record on which an order will pass that, if within sixty days they do not become parties, the appellant may "open the record and * * * have the * * * decree reversed, if it be erroneous." That order is to be served at least thirty days before the sixty days expire. Such an order will pass on this motion which is otherwise denied. No doubt the receivers will intervene before the time expires.

The cause was fully argued without notice of the point; it has therefore been de-

cided as though the defendant were still in existence. However, the mandate must be withheld until either the receivers appear and become parties, in which case the title must be changed; or, if they do not, then until the expiration of the sixty days, when the case will be remanded under its present title.