**ARN et al. v. BRADSHAW OIL & GAS CO. et al.**

**No. 8583.**

Circuit Court of Appeals, Fifth Circuit.

Dec. 10, 1937.

Rehearing Denied Jan. 22, 1938.

F. E. Riddle, of Tulsa, Okl.; for appellants.

M. A. Breckinridge, of Tulsa, Okl., and Wm. Jarrell Smith, of Pampa, Tex., for appellees.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellants brought this suit for themselves and other stockholders of the Operators Royalty & Producing Company, a Delaware corporation, for an accounting, and to recover assets, among them lands in Texas, alleged to have been wasted, dissipated, and taken from the company by fraudulent schemes and practices, engineered and participated in by the directors and officers of the company.

On motion of appellees, appellants' bill of complaint was dismissed on two grounds stated in the order. [1]

This appeal tests whether that order was rightly entered.

The District Judge, as appears from the opinions filed in connection with the hearings on the motion for dismissal, thought that because the charter of the company had been forfeited for failure to pay its franchise tax, and the Governor had followed this by a proclamation completely dissolving it before the suit was filed, all proceedings, with reference to the corporation, including the conservation of its assets, were, by the statutes of Delaware drawn to that state, and to the courts of that state, and that plaintiffs, as stockholders of a dissolved Delaware corporation, had no standing to sue in Texas. He thought, too, that if under any circumstances they could have sued, they must first have applied for action to the liquidating trustee, or the receiver appointed in Delaware.

Appellants insist that this view looks too much upon the corporation statutes of Delaware, too little upon the rights asserted to property fraudulently taken from them. It refuses to see what is at issue here, is not a question of the internal affairs of the corporation, which are sometimes remitted to the court of the corporation's domicile, not, however, for want of jurisdiction, but upon considerations of convenience only, American Creosote Works v. Powell, 5 Cir., 298 F. 417; Berl v. Crutcher, 5 Cir., 60 F.2d 440; but questions involving property having a situs within the jurisdiction of the court, the court having full jurisdiction of parties and subject-matter.

They insist that whatever procedure may be taken or followed in Delaware with regard to the corporation itself, they, as stockholders, have the right to invoke the jurisdiction of the federal court in Texas, to

---

[1] (1) "That plaintiffs have not the capacity to bring and maintain the action; (2) "That they have not complied with Equity Rule 27, 28 U.S.C.A. following section 723 in that the plaintiffs failed to apply to the dissolved corporation itself in its capacity as trustee, to bring the action, or to the Chancery Court of Delaware to institute and maintain the action."

save for the corporation and for them as its stockholders, property dissipated and conveyed there. They insist, too, that the view the District Judge took of rule 27 and of their compliance with it, was too narrowly restrictive, not sufficiently practical; that only substantial compliance with that rule is required, and their bill satisfies that requirement. American Creosote Works v. Powell, 5 Cir., 298 F. 417, and cases cited. They point out that though the corporation is dissolved, the Delaware statutes continue it in life for three years and as long as litigation begun within the three years from dissolution is in progress, and the suit having been brought on the corporation's behalf and in its interest, it must be treated as to the suit, as still surviving.

They make the further argument, however, that if the corporation be considered as without life, and unable to sue and be sued, appellants as stockholders must be regarded as owners of the property and entitled for themselves and the other stockholders, to protect it from loss and dissipation.

Appellees, bearing down upon sections 42 and 43 of the Delaware Corporation Law, Code Del.1935, §§ 2074, 2075,[2] insist that the corporation being dissolved, appellants' suit fails, both because the corporation being dead, it cannot sue either voluntarily, or through its stockholders, and because the statutes of Delaware provide a complete scheme for the winding up of Delaware corporations, which have been dissolved, and only by pursuing this scheme and having suit brought through the intermediaries appointed under it, or with their consent, could stockholders sue anywhere for property aleged to belong to the corporation.

■■■■ Appellants' bill is long, involved, wordy, and obscure. What should have been pleaded briefly, simply and directly, is told tortuously and circuitously. Characterizing it throughout there is an absence of that simplicity and directness of statement which good pleading requires. Nevertheless, under the rule prevailing not only in this circuit,[3] but generally in the federal courts,[4] from it there sufficiently appears that the officers and directors, and others having dominance of the corporation's affairs, have entered into a conspiracy regarding the corporation's property, in order to obtain, and with the result of obtaining, the benefits of it for themselves. Jones v. Missouri-Edison Electric Co., 8 Cir., 144 F. 765; Meinhard v. Salmon, 249 N.Y. 458, 164 N.E. 545, 62 A.L.R. 1; McCandless v. Furlaud, 296 U.S. 140, 56 S.Ct 41, 80 L.Ed. 121. As to compliance with rule 27, we think the allegations as to the conflicting in-

---

2 Sec. 42: "All corporations, whether they expire by their own limitation, or are otherwise dissolved, shall nevertheless be continued for the term of three years from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, and to divide their capital stock but not for the purpose of continuing the business for which said corporation shall have been established; provided, however that with respect to any action, suit or proceeding begun or commenced by or against the corporation prior to such expiration or dissolution and with respect to any action, suit or proceeding begun or commenced by the corporation within three years after the date of such expiration or dissolution, such corporation shall only for the purpose of such actions, suits or proceedings so begun or commenced, be continued bodies corporate beyond said three-year period and until any judgment, orders, or decrees therein shall be fully executed."

Sec. 43: "When any corporation organized under this Chapter shall be dissolved in any manner whatever, the Court of Chancery, on application of any creditor or stockholder of such corporation, at any time, may either appoint the directors thereof trustees, or appoint one or more persons to be receivers, of and for such corporation, to take charge of the estate and effects thereof, and to collect the debts and property due and belonging to the company, with power to prosecute and defend, in the name of the corporation, or otherwise, all such suits as may be necessary or proper for the purposes aforesaid, and to appoint an agent or agents under them, and to do all other acts which might be done by such corporation, if in being, that may be necessary for the final settlement of the unfinished business of the corporation; and the powers of such trustees or receivers may be continued as long as the Chancellor shall think necessary for the purposes aforesaid."

3 Dixon v. Hopkins, 5 Cir., 56 F.2d 783; American Creosote Works v. Powell, 5 Cir., 298 F. 417.

4 Krouse v. Brevard Tannin Co., 4 Cir., 249 F. 538; Winget v. Rockwood, 8 Cir., 69 F.2d 326; Kansas v. Colorado, 185 U. S. 125, 140, 22 S.Ct. 552, 46 L.Ed. 838.

terests of the directors and managing officers of the corporation sufficient to excuse further technical compliance with the rule. Whittaker v. Brictson Mfg. Co., 8 Cir., 43 F.2d 485; American Creosote Works v. Powell, supra.

We come, then, to a consideration of the result under the Delaware statutes, of the dissolution proceedings upon plaintiffs' right to maintain the suit.

Appellants insist that an action filed by stockholders, the equitable owners of the assets of a Delaware corporation dissolved, but still existing for the purpose of suing and being sued, is maintainable under the same conditions and with the same effect as if the dissolution had not taken place. They contend that under the statutes of Delaware, the corporation's life continues with the corporation as trustee for three years, and as to suits brought by it within the period, until they end. Cf. Atkins v. Harriman & Co., 2 Cir., 69 F.2d 66; Grey, Attorney General, v. Newark Co., 65 N.J.L. 603, 48 A. 557; Lyman v. Knickerbocker Co., 55 App. D.C. 323, 5 F.2d 538; Big Sespe Oil Co. v. Cochran, 9 Cir., 276 F. 216; Carle v. International Clay Products Co., 15 Del.Ch. 166, 132 A. 892; Bucki & Son Lumber Co. v. Atlantic Lumber Co., 5 Cir., 128 F. 332.

Appellees' counter contention is that the suit plaintiffs have brought here is not a suit by the corporation because it was not brought on the authority of the corporation, acting either through its board of directors, or officers, nor of a receiver or trustee appointed by a Delaware court for it.

We do not agree with appellees. We think the suit, brought as it was, for the benefit of the corporation, must, under the facts pleaded, be regarded as brought by the corporation and for the protection of its interests in the property in suit. The fact that a receiver or trustee may be appointed in Delaware for the corporation, and that when so appointed he may, acting for the corporation, appear in the suit and prosecute or take control of it, does not, in our opinion, prevent appellants, stockholders, where no receiver or trustee has been appointed, from bringing a suit on behalf of the corporation, to conserve and recover its assets for the benefit of those entitled to them.

The order dismissing the bill was erroneous. It is reversed, and the cause is remanded for further proceedings not inconsistent herewith.

Reversed and remanded.