**MEBCO REALTY HOLDING CO. et al. v. WARNER BROS. PICTURES, Inc., et al.**

No. 1811.

District Court, D. New Jersey.

March 13, 1942.

Thompson & Lloyd, of Atlantic City, N. J., for the motion.

Cassman & Gottlieb, of Atlantic City, N. J., and Milton C. Weisman and Melvin A. Albert, both of New York City, opposed.

AVIS, District Judge.

Plaintiff has instituted a suit against sundry defendants, including Frank P. Gravatt, Flora Gravatt, and S. C. A. Co., alleging a conspiracy between and amongst the defendants to violate the provisions of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, and Clayton Act, 38 Stat. 730, praying for certain restraints and demanding triple damages. The three named defendants have filed a motion to dismiss the complaint, because it does not assert a cause of action against these defendants, and also a motion asking for a summary judgment in their favor.

The basis of the complaint is that plaintiffs are the owners or operators of a certain moving picture theatre in Atlantic City; that defendants, by various means and methods, have taken part in the construction and opening of a new theatre in the same neighborhood, and that the producers and distributors did and are refusing to give the original theatre its proper run of pictures.

So far as the pleadings connect the three named defendants with the conspiracy, it is alleged that they were the owners of the large bank building and the adjoining lands which were sold to a new company organized to operate the new theatre. The allegations of the complaint go no further than this as to any activity of these defendants. It is alleged, of course, that they are a part of the conspiracy and it appears as a fact that they are interested in a mortgage given by the purchaser and which is to be paid off out of the receipts of the new theatre. From these facts, which it does not seem necessary to specifically narrate, the plaintiffs claim that the conspiracy exists and, as an argument against dismissal or summary judgment, contend that there should be no dismissal until an opportunity is given to plaintiff to take depositions out of which may come some connection of these defendants with the conspiracy.

I do not understand that the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, or any other rule of law or practise, will justify a suit against an individual or a corporation which does not state a case, and then permit the plaintiff to call witnesses in a fishing expedition, with the hope that somewhere or somehow it may develop that a defendant has some liability.

The voluminous proofs submitted on the motion for summary judgment, unanswered by proofs of facts from plaintiffs, justifies the court in authorizing a summary judgment in favor of these three defendants. I doubt if the complaint states a case against them. With the entry of the order hereunder the restraint as to the taking of depositions should be also vacated.

Order by consent as to form or on notice.