## TOOMEY v. WICKWIRE SPENCER STEEL CO. et al.

District Court, S. D. New York.

Oct. 20, 1942.

John V. Lizars, of New York City, for plaintiff.

Larkin, Rathbone & Perry, of New York City, for defendants.

MANDELBAUM, District Judge.

This is a motion by the plaintiff for an order directing the defendants to furnish him with a list of stockholders of the defendant corporation. The defendants, by cross-motion, have prayed for an order dismissing the plaintiff's complaint for failure to state facts constituting a valid claim for relief.

Plaintiff's motion denied. Defendants' motion to dismiss the plaintiff's complaint granted.

The plaintiff has failed to comply with Rule 23(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in that his complaint lacks certain essential allegations. To be valid, the complaint should have stated "that the action is not a collusive one to confer on a court of the United States jurisdiction of any action of which it would not otherwise have jurisdiction". The complaint should also have "set forth with particularity the efforts of the plaintiff to secure from the managing directors or trustees and, if necessary, from the shareholders such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort", as is required by that Rule. The plaintiff's allegation of stock ownership as demanded by Rule 23(b)(1) of the Federal Rules of Civil Procedure is not satisfactorily set forth in paragraph 23 of the complaint or elsewhere. From the above it may be seen that Rule 8(a)(2) which demands "a short and plain statement of the claim showing that the pleader is entitled to relief" is not met by a complaint which sets forth a hazy mass of conclusions unhampered by any plain statements of the facts upon which the prayer for relief is based.

Since the plaintiff's complaint is dismissed, there is no need to discuss the plaintiff's application for an order directing the defendants to furnish him with a list of the stockholders in the defendant corporation. Although it is not disputed that the New York Stock Corporation Law, Consol. Laws N.Y. c. 59, does provide that certain shareholders may obtain such information for specified purposes, that right, if there be one, should be enforced in the proper tribunal. Rule 81(b) has abolished mandamus and I know of no provision in the Rules which will permit the plaintiff the relief his motion seeks.