## UNITED STATES ex rel. SCHIFF et al. v. ATLANTIC BASIN IRON WORKS et al.

### Civ. No. 3423.

District Court, E. D. New York.

Dec. 10, 1943.

Rehearing Denied Jan. 6, 1944.

Benjamin T. Juceam, of Brooklyn, N. Y., for plaintiffs.

Walter E. Warner, Jr., and Chambers, Clare & Morris, all of New York City (Jackson A. Dykman, of Brooklyn, N. Y., Walter E. Warner, Jr., of New York City, and Jules Haberman, of Brooklyn, N. Y., of counsel), for defendants Atlantic Basin Iron Works, Inc., and others.

BYERS, District Judge.

Two motions have been made by the defendants herein, under paragraph (b), subdivision (6), and paragraph (e), respectively, of Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The first presents a defense by motion before answer that the action be dismissed because of plaintiffs' failure to state a claim upon which relief can be granted. This is a qui tam suit pursuant to 31 U.S.C.A. §§ 231–235.

Necessarily the claim for relief is that of the United States which the plaintiffs present as an undertaking for profit.

Such a claim involves the following:

A. That the alleged misconduct must be that which is referred to in 18 U.S.C.A. § 80; that is, the presentation, for payment or approval, to or by any person or officer in the civil, military, or naval service of the United States, of a claim upon or against the Government of the United States, knowing such claim to be false, fictitious, or fraudulent. It is also an of-fense, for the purpose of obtaining the payment or approval of such a claim, to falsify, conceal or cover up a material fact, or to make a false or fraudulent statement or representation or to knowingly use any false bill, receipt, voucher, etc.

B. That the person who shall do or commit any of the above acts, not being in the military or naval forces of the United States, shall forfeit $2,000 to the United States and in addition double the amount of damages which the United States may have sustained by reason of the prohibited conduct, and these items may be sued for in the same suit.

It will be observed, from the title of the action, that John Doe and Richard Roe are named as individual defendants, and that they possess no personal identity. Where these traditional pseudonyms are employed in such a lawsuit, there would be nothing unreasonable in expecting that designated officials or directors whose identity is certain, but whose names are unknown, be so indicated that identification of them would be possible, instead of reference to two fictitious human beings who are supposed to have knowledge of what is alleged in a complaint.

As a matter of fact, it might well be that there are no officers or directors who are "the persons intended being officers and directors of the Atlantic Basin Iron Works, having knowledge of the facts alleged in the complaint herein".

Since the plaintiff is unable to point his finger at any one individual whose name he does not happen to know, and to charge him with complicity in fraud upon the Government, it is not clear how he can truthfully assert, except as to the corporation, that "the defendants were not and are not in the military or naval forces", as averred in paragraph Fifth.

The complaint alleges in each instance *upon information and belief:*

(1) That in or about the year 1940 the United States of America entered into a contract with the corporate defendant, whereby the latter was to supply material, supplies and labor upon designated vessels owned or leased by the Government for the purpose of converting, repairing or preparing them for military purposes.

(2) That the United States was to pay the corporate defendant for all materials and supplies necessarily purchased and used under the contract.

(3) That the corporate defendant contracted to keep and maintain an accurate accounting system of all expenses incurred and materials purchased under the contract.

(4) That, beginning sometime in 1940 and continuing through the present time (the complaint was filed September 28, 1943), the corporate defendant made reports of expenditures and materials, compiled from its accounting records, which purported to be true.

(5) That the corporate defendant "presented to the plaintiff, the United States of America, false claims within the terms of Section 80, Chapter 4, Title 18, of the United States Code Annotated", which were so prepared as to show that the corporate defendant "purchased, or became obligated for, and furnished and used certain materials and supplies upon said vessels, which in fact were not purchased by said Atlantic Basin Iron Works, or for which said Atlantic Basin Iron Works did not become obligated for (sic), or which said Atlantic Basin Iron Works did not furnish or use in the performance of the work referred to in said contract".

(6) That said accounts and bills omitted "to credit the United States of America for salvage materials and supplies taken from its vessels and used or converted by said defendant Atlantic Basin Iron Works".

(7) That said accounts and bills were false.

(8) That the latter were submitted for the purpose of defrauding and inducing the United States of America to pay sums of money to the defendant Atlantic Basin Iron Works, which the Government did not rightfully owe to said corporation.

(9) That the sums so falsely, improperly and illegally presented and charged to the United States of America amounted to approximately One Million Dollars.

(10) That the United States of America was thereby deceived and defrauded in that sum.

(11) That the corporate defendant and the individual defendants, and each of them, "knew that said accounts, bills and claims and the amounts, statements and items reported on them were false and untrue in and for the reasons above stated, and were made and rendered for the purpose and with the intent of defrauding the Government of the United States".

Rule 9 of the Federal Rules of Civil Procedure, paragraph (b), reads in part:

"(b) Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

The making of the alleged contract "in or about the year 1940" is not an element of the presentation of a false claim, nor are the averments concerning the provisions of the contract referring to the obligation of the Government to pay and of the defendant corporation to maintain accurate accounts.

A period of over three years is covered in the Ninth paragraph of the complaint, described in paragraph (4) above, and since there is one penalty of $2,000 sought to be recovered in addition to the damages, it would seem that the pleader referred to the filing of one false claim. Clearly that paragraph does not accord with the particularity requirements of the Rule above quoted.

Presentation of the false claim is alleged to have been to the Government and not to a person or officer specified in 18 U.S.C.A. § 80. Again, the quoted particularity requirement has not been met.

The recitation that credit was not given to the Government for salvage materials, standing by itself, means nothing, since there is no allegation that there were any such. Also the quoted requirement of Rule 9 has been avoided.

The allegations that the accounts and bills were false and untrue, and were submitted for the purpose of defrauding the United States, are clearly lacking in particularity; and the wisdom of such requirements is clearly present in such an action as this, which can be vexatious and costly in the extreme, and concerning which an ultimate judgment for costs against the plaintiff is obviously not compensatory.

In construing such a motion, however, the Circuit Court of Appeals, Eighth Circuit, in the case of Leimer v. State Mutual Life Assurance Co., 108 F.2d 302, at page 306, used this language: " * * * we think there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim. (Citing cases)"

In the Fourth Circuit, in Tahir Erk v. Glenn L. Martin Co., 116 F.2d 865, at 870,

the court said: "It is our considered opinion that the motion to dismiss for insufficiency is applicable, as a general rule, only where it is clear and apparent to the court that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the specific claim."

The foregoing quotations admonish this court that the complaint under examination should not be dismissed, although as a pleading it is manifestly deficient.

Perhaps in such litigation as this, which bears the stamp of congressional approval and the recent sanction of the United States Supreme Court, as calculated to promote the public welfare, United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, the plaintiff—presumably a stranger to the transactions in question—may be thought to be entitled to more latitude of improvisation than an ordinary suitor.

■ These considerations lead to the conclusion that the first motion should be denied.

The second motion, also by the defendants, is for a bill of particulars, and without reciting the items thereof it may be said that the motion is granted in all respects.

In this connection it was shown at the argument, that promptly following the service of a demand for a bill of particulars, the plaintiff, without leave of the court, served a notice to take the depositions of several of the directors and officers of the corporate defendant, and as this was a plain violation of the requirements of Rule 26 of the Federal Rules of Civil Procedure, because no answer had yet been filed, it was consented that the said notice be vacated.

■ Since the subject was thus brought to the attention of the court, I cannot forbear to quote the following from Mebco Realty Holding Co. v. Warner Bros. Pictures, Inc., D.C., 44 F.Supp. 591, at 592: "I do not understand that the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, or any other rule of law or practise, will justify a suit against an individual or a corporation which does not state a case, and then permit the plaintiff to call witnesses in a fishing expedition, with the hope that somewhere or somehow it may develop that a defendant has some liability."

This complaint seems to characterize that kind of a suit, and to set forth averments which disclose an aspiration rather than a claim upon which recovery may be had under the applicable statute, for the plaintiffs' attorney stated also at the argument, that the alleged circumstances had been brought to the attention of the Federal Bureau of Investigation months ago, without affirmative result.

Settle order in accordance with the foregoing.

## On Motion for Reargument.

Reargument is sought of the motion to dismiss the complaint for failure to state a claim upon which relief can be granted (Federal Rules of Civil Procedure, Rule 12(b) (6), 28 U.S.C.A. following section 723c, which was denied as stated in opinion dated December 10, 1943.

Attention is called to the court's reliance upon quotations from opinions in the cases of Leimer v. State Mutual Life Assurance Co., 8 Cir., 108 F.2d 302, and Tahir Erk v. Glenn L. Martin Co., 4 Cir., 116 F.2d 865, in neither of which was the court called upon to construe the requirements of Rule 9(b), touching the necessity for pleading the circumstances said to constitute fraud. So much is true, as was understood at the time. It was also understood that, if this plaintiff has averred alleged facts which would enable him to offer supporting testimony which if unrefuted would entitle him to some measure of recovery, it could not be said that he had failed to state a claim upon which relief could be granted.

The effort was made to point out that he has alleged in a hazy and nebulous fashion that false claims were presented to the Government and allowed, to its own loss, arising out of a contract with the corporate defendant to repair certain designated vessels.

It is true that the allegations are not precise and that the alleged circumstances are vague in outline and definition, but it was and is the opinion that the plaintiff should not be denied his day in court for what it is worth.

The Court of Appeals for this Circuit has expressed the following views concerning a comparable pleading filed in a bankruptcy case (Levenson v. B. & M. Furniture Co., 120 F.2d 1009): "The petition at bar does not indeed allege the fraud with as much particularity as is desirable. But the omission is not fatal; it is only a pleading, and Rule 8(f) * * * demands

272

that it 'shall be so construed as to do substantial justice.' Its general purport is plain enough, and if the debtor had really any doubt about its meaning—which plainly it had not—it had, and still has, relief under Rule 12(e); the day has passed when substantial interests stand or fall for such insubstantial reasons."

To avoid further misunderstanding, it should be added that in this case it may well be true that the corporate defendant does not know what particular contract is referred to in the complaint; or in what respects its accounting methods were allegedly false and untrue; or what materials and supplies were falsely asserted by it to have been purchased as alleged; or what sum or sums were allegedly falsely presented and charged. Under such a state of facts, the language quoted would not apply to this corporate defendant's position, but the general theory of the decision seems to point to the necessary disposition of this motion.

Fortunately this ruling will have no effect beyond the instant litigation, since it appears from the daily press that the statute invoked by the plaintiff has been repealed since the original disposition of the motion, and hence this particular type of litigation will soon come to an unlamented end.

Sight has not been lost of the manifest difference between requiring a suitor who asserts that he himself has been defrauded, to designate with particularity the precise fraud of which he complains; and the case of one who proclaims, ostensibly in the public interest, that the Government has been defrauded and that he has come to its rescue as a litigant on its behalf.

Perhaps as to him it may be argued that it is not a simple matter to recite the particulars of the alleged fraud which he asserts. The answer, I think, is that he must indicate with clarity and reasonable accuracy just what fraud he is talking about, or hold his peace.

Opinions may differ as to whether this plaintiff has met such a requirement. Presently the inclination is slightly to the effect that he has come close enough to doing so, to save his complaint against the present motion.

I suppose the test will come when he undertakes to comply with the order for the bill of particulars. If he cannot put in plain and precise terms the exact fraud that he is talking about, without assistance by way of discovery, it would seem then to follow that he lacks the capacity to present a claim upon which relief can be granted. The disposition of this motion is without prejudice to the making of any new motion of which the defendants may be advised, in the future, addressed to the pleadings.

Motion for reargument denied.

Settle order.