## COHEN (COHEN, Intervener) v. BENEFICIAL INDUSTRIAL LOAN CORPORATION et al.

Civ. No. 3033.

District Court, D. New Jersey.
Dec. 18, 1946.

298

Wall, Haight, Carey & Hartpence, of Jersey City (Edward J. O'Mara, of Jersey City, N. J., of counsel), for plaintiff.

Charles Hershenstein, of Jersey City, N. J., for intervener.

Pitney, Hardin, Ward & Brennan, of Newark, N. J. (John Milton, of Jersey City, N. J., of counsel), for individual defendants, O. W. Caspersen, John Budd Smith, Roy E. Tucker, Everett T. Felter, Jackson R. Collins, and C. V. Smith.

Hood, Lafferty & Emerson, of Newark, N. J., for defendant Beneficial Loan Corporation.

MEANEY, District Judge.

This action, a stockholder's derivative suit, was instituted by Sol Cohen in 1943, as the holder of 100 shares of Common Stock which had been acquired by purchase in 1937, and seeks the appointment of a receiver and an accounting for funds and assets which it is alleged the individual defendants fraudulently diverted and appropriated to their own use.

David F. Cohen, as holder of 150 shares of the corporation's common stock, intervened as a party plaintiff. On February 14, 1946, by order of the court, Hannah Cohen, executrix of the estate of Sol Cohen, deceased, was substituted as plaintiff.

The matter is presently before the court on motions by the individual defendants for an order dismissing the fourth, fifth, sixth, seventh, and ninth causes of action alleged in the amended complaint, and for a more definite statement or a bill of particulars,

and in opposition to a counter-motion made by the plaintiff for leave to take depositions and for issuance of subpoenas duces tecum.

The motions to dismiss are made under the provisions of rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, upon the ground that none of the said causes of action state a claim upon which relief can be granted.

The defendants seek a dismissal of the fourth alleged cause of action on the above grounds and more specifically, on the ground that it fails to charge any identified persons with the commission of the alleged wrongful acts.

The fourth cause of action charges specifically that one, Clarence Hodson II, was, up to the time of his death, paid by the defendant corporation a salary of approximately $25,000 per annum, although he rendered no service whatsoever to the company. As a result thereof, plaintiff charges that Clarence Hodson II was placed in a privileged position, unlawfully receiving at the order and direction of the individual defendants who were officers and directors of the defendant corporation, large sums of money.

The objection to the fourth cause of action is not found by the court to be of such nature as to compel a dismissal thereof. The pleadings set forth sufficiently specific identification, as far as the individual defendants are concerned, to establish adequate basis for an appropriate cause of action. The fourth cause will accordingly be allowed to stand, and defendants' motion directed to it is denied.

The fifth cause of action, against which the defendants likewise seek a dismissal, charges that at or after the time of incorporation of the defendant, Industrial, in May, 1929, it acquired the combined assets of the former Beneficial Industrial Loan Corporation, American Loan Company and Industrial Bankers of America, and at the same time assumed all the liabilities of the three aforementioned companies.

Prior to the acquisition of such assets, it is alleged that the former Beneficial Loan Corporation, one of the acquired companies, was organized and had acquired

assets of three other loan companies by the issuance of 1,250,000 shares of its capital stock. It is further charged that at the time of the issuance of those shares, the former Beneficial Industrial Loan Corporation wrote up the value of the assets transferred from the three companies from which they were acquired, by more than eight million dollars and that the defendant, Industrial, acquired this stock at the same value ascribed to it on the books of the former Beneficial Industrial Loan Corporation, even though an examination of the books of that company would have revealed the excessive value at which the assets were written up and held. It is then charged that the defendant, Industrial, upon acquiring the assets of the former Beneficial Loan Company, American Loan Company, and Industrial Bankers of America in May 1929, issued its stock to the stockholders of these three companies, in exchange for the stock held by them respectively in said three companies, the stockholders of the former Beneficial Industrial Loan Corporation receiving stock from defendant, Industrial, on the basis of the inflated values previously ascribed to the stock of the former Beneficial Industrial Loan Corporation. Thereafter, it is charged, in September of 1930 the book value of the assets which had been acquired by the defendant corporation from the former Beneficial Industrial Loan Corporation was written down from its inflated value to the same extent as it allegedly was previously written up. As a result of the above it is charged that there was fraudulently and unlawfully issued, 449,209 shares of common stock of defendant corporation which remain outstanding and for which no consideration has been paid or received by it. Upon the shares so issued, it is further charged there has been unlawfully paid by the corporation, from 1929 to 1945, inclusive, more than eleven million dollars by way of unlawful and illegal dividends.

This alleged cause of action is objected to and dismissal sought on the ground that it fails to state a claim upon which relief can be granted in this action. Defendants insist that any possible cause of action which could be predicated upon the transactions asserted in the fifth alleged

cause of action, would be on behalf of the individual stockholders of American Loan Company and Industrial Bankers of America, Inc. against the stockholders of the former Beneficial Industrial Loan Corporation. In any event it is insisted that the plaintiff fails to set forth any cause of action on behalf of the corporation since there is nothing contained in the charges that would indicate that any rights of the corporation have been invaded resulting in damage to it.

Examination of the allegations contained in the fifth alleged cause of action support the defendants' contention that the plaintiff has failed to show any damage to the corporate entity.

■ The stock issues referred to consisted entirely of shares of stock without par value. Under Delaware law, necessarily controlling insofar as the validity of the stock issue in question is concerned, (the defendant being incorporated under the laws of the State of Delaware) there is no requirement as to the amount of consideration which must be received in respect to an original issue of no par stock, although the quality of consideration must meet the same requirements as stock having a par value. Bodell v. General Gas & Electric Corporation, 15 Del.Ch. 119, 132 A. 442, affirmed 15 Del.Ch. 420, 140 A. 264; West v. Sirian Lamp Co., Del.Ch., 37 A.2d 835.

Hence, where it is apparent that the original stock issue is of no par stock, the amount of consideration is of no particular moment in an action of this nature. Thus, as the court stated in the Bodell case, supra, 132 A. at page 447:

"If the corporation has just been formed, I do not see that it can make any difference how much or how little in the way of consideration is received for its original no par stock, so long as the consideration is lawful in its quality. If the assets received are one thousand dollars in money, it is of no consequence whether five shares or ten shares, or ten thousand shares are given for it. Each share has its one-fifth or one-tenth or one one-thousandth aliquot part of the thousand dollars as the case may be, and no one is damaged because every-

one knows that under each share is simply its proportionate part of the total assets, unexpressed in terms of money."

So in the instant case, while it may well be that as a result of the manipulation alleged, an excessive valuation was placed upon the assets of one of the consolidating corporations, resulting in an improper proportionate distribution of the new stock, it cannot be concluded thereby that, the new stock being of no par value, no consideration has been paid for it. There has been no damage to the defendant corporation thereby, since the only result, as far as the corporation is concerned, was that each share simply represented a proportionately smaller part of the total corporate assets. There is no way to spell out any increase in corporate liabilities and hence no damage to the corporation to which the plaintiff can point.

What has been said above applies as well to the plaintiff's assertion that there have been unlawful payments of dividends on the alleged unlawfully issued shares resulting in damage to the corporation. The consideration received for the shares of stock having been lawful, it cannot be said, so far as the allegations herein contained are concerned, that the stock was unlawfully issued. Neither may it be alleged, therefore, that the dividends paid were unlawful and illegal. For the reasons above mentioned, while some individual stockholders may have derived a cause of action against other stockholders, there is no showing that the corporation has been damaged through the payment of the dividends on those shares. The net result is a smaller proportionate dividend return' on each outstanding share, but no increase in corporate expenditure.

It is further stated by the plaintiff that the defendant, Industrial, acquired the stock of the former Beneficial Industrial Loan Corporation at the value ascribed to it on the books of that corporation "even though an examination of the books of that Company would have revealed the excessive value at which its assets were written up and held." Any stockholder had the right to examine the books of the Company; but nevertheless, the Agreement of

Consolidation, out of which the present corporate defendant grew, was approved by more than ⅔rds of the stockholders of each of the consolidating companies. This, in effect, negatives any suggestion of fraud and misrepresentation.

Since a stockholder's derivative suit on behalf of the corporation derives its cause of action out ·of an invasion of the rights of the Corporation, if the Corporation itself has no such cause of action it necessarily follows that a stockholder cannot sue in its behalf. Gallagher v. Pacific American Co., 9 Cir., 97 F.2d 193; Laughner v. Schell, 3 Cir., 276 F. 241, 18 C.J.S., Corporations, § 559. Under the facts set forth in the fifth alleged cause of action, defendant, Beneficial Industrial Loan Corporation, could not maintain this action, and plaintiff suing as a stockholder has no better right. Defendants' motion to dismiss the fifth cause of action, for the reasons above set forth, is granted.

The plaintiff's sixth alleged cause of action charges in broad general terms that between the years 1937 and 1943, the defendant corporation, acting through its directors, some of whom are defendants herein, paid to its affiliate, Beneficial Management Corporation, sums of money in excess of $26,000,000 many of which payments are unsupported by bills or other vouchers, that many of these payments were improperly and illegally made for the purpose of unjustifiably enriching the individual defendants herein, and were illegal and ultra vires in nature.

Plaintiff further charges that it is impossible, for the reasons set forth, to obtain from the books of the defendant corporation an accurate accounting of the uses to which the money has been put, but avers that an examination of the officers and directors of Beneficial Management Corporation before the trial of this issue will disclose the illegal and ultra vires nature of such payments.

This alleged cause of action the defendants attack on the ground that it does not state any claim, and is grounded on a mere suspicion that may find support ·by examination of officers and directors of the defendant corporation.

The allegations of the sixth alleged cause of action, while setting forth a certain factual situation, fail to identify any· cause of action within the requirements of the Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c. The plaintiff's charge that many payments were illegal and improperly made, without further enlargement, is insufficient to meet even the bare requirements of the rules of pleading. The further averment by plaintiff that "an examination of officers and directors" will disclose which payments were illegal and ultra vires, stamps this alleged cause of action as one disclosing an aspiration rather than a claim upon which recovery may be had. United States v. Atlantic Basin Iron Works, D.C., 53 F.Supp. 268. The words of the Court in Mebco Realty Holding Co. et al. v. Warner Bros. Pictures, Inc., D.C., 44 F.Supp. 591, 592, are apropos in the instant case. Therein the court stated:

"I do not understand 'that the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, or any other rule of law or practice, will justify a suit against an individual or a corporation which does not state a case, and then permit the plaintiff to call witnesses in a fishing expedition, with the hope that somewhere or somehow it may develop that a defendant has some liability."

At the very least, the statement or pleading must give fair notice of what an adverse party may expect to meet. Battin Amusement Co. v. Cocalis Amusement Co., D.C., 1 F.R.D. 769. The complaint herein, however, falls short of that requisite. It is in the nature rather of an expression of a charge that the plaintiffs hope to substantiate if they are successful in gleaning further information prior to trial.

The Seventh alleged cause of action contains the same infirmities as the sixth and must fall for the reasons specified above.

The Ninth alleged cause of action is likewise found to be insufficient. While it is true that Rule 8 (a) (2) requires but a "short and plain statement of the claim showing that the pleader is entitled to relief", that requirement is not met by a series of conclusions couched in broad general

terms alleging wrongdoing but entirely lacking in any statement of fact upon which the allegations are based. Toomey v. Wickwire Spencer Steel Co., D.C., 3 F.R.D. 243. See also Arn v. Bradshaw Oil & Gas Co., 5 Cir., 93 F.2d 728 and Mebco Realty Holding Co. v. Warner Bros. Pictures, Inc., supra.

Defendants' motions to dismiss the fifth, sixth, seventh and ninth causes of action, for the reasons above specified, are granted. The motion to dismiss the fourth cause of action is denied.

In view of the foregoing determinations, the Court will not rule on the remaining motions. The parties may, however, renew such of them as the situation resultant on these findings may render fitting.

An order in accordance with the above ruling may be entered.