## COHEN v. BENEFICIAL INDUSTRIAL LOAN CORP. et al. (two cases).

### Civ. A. Nos. 312, 1215.

United States District Court.
D. Delaware.

Feb. 21, 1952.

S. Samuel Arsht (of Morris, Steel, Nichols & Arsht), of Wilmington, Del., for plaintiff.

Charles F. Richards (of Richards, Layton & Finger), of Wilmington, Del., for defendant Beneficial Industrial Loan Corp.

Richard F. Corroon (of Berl, Potter & Anderson), of Wilmington, Del., for defendants Beneficial Loan Soc., Ernest A. Bailey and Charles E. Rivers.

James R. Morford (of Morford, Bennethum, Marvel & Cooch), of Wilmington, Del., for Bankers National Investing Corp.

LEAHY, Chief Judge.

The recital of the litigation, here, is to be found in D.C.Del., 93 F.Supp. 418. It is a stockholder's derivative action on behalf of Beneficial Industrial Loan Corporation, which I shall call "the Corporation". The only defendants over which there is jurisdiction are Ernest A. Bailey, Charles E. Rivers, Beneficial Management Corporation, Beneficial Loan Society and Bankers National Investing Corporation. This case was commenced in June, 1943, and has been dormant for more than 8 years. Plaintiff has taken no action looking for prosecution of the litigation.

The question for decision is whether the motions for dismissal against the five defendants should be granted. At argument plaintiff conceded that the action must be dismissed as against the individuals Ernest A. Bailey and Charles E. Rivers. This leaves for determination, therefore, whether the action should be dismissed as to the three remaining corporate defendants.

1. I think the action should be dismissed as against defendants Beneficial Management Corporation, Beneficial Loan Society and Bankers National Investing Corporation. The complaint shows Beneficial Loan Society and Bankers National Investing Corporation were stockholders of "the Corporation". It is conceded Beneficial Management Corporation was a wholly owned subsidiary. The gravamen of the complaint is that various individual direc-

tors and officers failed their trust; but the complaint states no claim of liability as against the three remaining corporate defendants in this litigation. It would appear that certain of these individuals, who caused the alleged damage, may have been connected with the three remaining defendant corporations, but I fail to see how this can create any basis for any liability on the part of these companies.

■ 2. It is difficult from a reading of paragraph 14 of the complaint to decide whether it is simply a repetition of the averments in paragraphs 9, 10, 11 and 12. It would appear so. Such vague allegations will not support a cause of action. In fact, the allegations of paragraph 14 of the complaint are substantially identical to the allegations of the ninth cause of action which was dismissed, in companion litigation, in Cohen v. Beneficial Loan Corporation, D.C.N.J., 69 F.Supp. 297. In that case the Court said: "The Ninth alleged cause of action is likewise found to be insufficient. While it is true that Rule 8(a) (2) [28 U.S.C.A.] requires but a 'short and plain statement of the claim showing that the pleader is entitled to relief', that requirement is not met by a series of conclusions couched in broad general terms alleging wrongdoing but entirely lacking in any statement of fact upon which the allegations are based. Toomey v. Wickwire Spencer Steel Co., D.C., 3 F.R.D. 243. See also Arn v. Bradshaw Oil & Gas Co., 5 Cir., 93 F.2d 728 and Mebco Realty Holding Co. v. Warner Bros. Pictures, Inc., [D.C., 44 F.Supp. 591] supra." 69 F.Supp. at page 301.

In any event, paragraph 14, if it states a separate cause of action, is palpably defective.

I conclude that this litigation, which has been in hibernation in this court for 8 years, has no validity. With the action dismissed as against the three remaining corporate defendants, i. e., Beneficial Management Corporation, Beneficial Loan Society and Bankers National Investing Corporation, both our CA 312 and 1215 should be dismissed in their entirety.