JORDAN, Circuit Judge,
dissenting in part.
I understand and appreciate the public interest in seeing that Mr. Haddow does not escape the justice he seems so richly to deserve. There is very little doubt indeed that he is the David Haddow that everyone *128 in the courtroom was talking about throughout the trial, and the evidence of his guilt was overwhelming. My difficulty — and I find it insurmountable — is that there is literally no evidence at all in the record identifying him as the “David Had-dow” named in the indictment.[1]
Our precedent is clear on the question of identification: a defendant’s alleged participation in criminal Activity is at issue in every case, “unless the defendant chooses to admit participation and plead an affirmative defense.” United States v. Wilford, 493 F.2d 730, 734 n. 9 (3d Cir.1974); see also United States v. Alexander, 48 F.3d 1477, 1490 (9th Cir.1995) (“Identification of the defendant as the person who committed the charged crime is always an essential element which the government must establish beyond a reasonable doubt”). If we were free to take a looser approach to the question, I would be tempted to do so in this case. But I do not believe that we have that freedom. We have never before held that the government may neglect to present any evidence of identity and then rely on the sorts of inferences that my colleagues in the Majority find sufficient. I cannot agree that such inferences — even if they can be considered circumstantial evidence — satisfy the government’s burden of proving a defendant’s identity beyond a reasonable doubt, and I am unpersuaded by the Majority’s effort to distinguish United States v. Keller, one of our most salient precedents. See 512 F.2d 182 (3d Cir.1975) (reversing conviction where government presented only a deficient photographic lineup to establish the defendant’s identity, and rejecting government’s argument that the deficiency could be remedied by corroborating evidence).
Our law is what it is, and, sadly, the government’s deficient performance' in putting on its proof leaves us no choice, I believe, but to vacate Haddow’s conviction. Mistakes happen, and, even experienced and dedicated prosecutors can make them. When they do, though, the best course is to promptly face and try to fix them. In this instance, that did not happen. After the defense quite rightly made a motion for judgment of acquittal, the government simply .endeavored to defend the non-existent record of identification. It could have, and should have, immediately moved to reopen the record so that one of its many witnesses capable of identifying Haddow could have been recalled for the few questions necessary to establish the point. It did not do so but waited to seek reopening until after the jury had been charged and, apparently, had retired, at which point the District Court did not have a meaningful opportunity to rule on the motion before the jury returned its verdict.
While serving on the New York Court of Appeals, Justice Benjamin Cardozo once famously bemoaned that a rule excluding evidence based on policing that violates the Constitution meant, “[t]he criminal is to go free because the constable has blundered.” People v. Defore, 242 N.Y. 13, 21, 150 N.E. 585 (N.Y.1926). The law has long since come to accept such an unpalatable result as thé price that must sometimes be paid for preserving fundamental rights. So it is here. No one, perhaps, but Haddow himself wants to see him walk away from prison now, but the government’s utter failure to present evidence to satisfy its burden of proof as to his identity is not something we should overlook or condone.
*129 In short, I reluctantly and partially dissent from the otherwise excellent opinion of my colleagues and the judgment order, to the extent it upholds the conviction of David Haddow.

. As to Haddow’s co-defendant, Bailey, there was at least a picture of the man in the evidence, along with his name, from which the jury could rationally conclude that the “Bailey” in the document was the same Bailey sitting in the courtroom and the same one that all of the witnesses and other evidence were speaking about.