**WALTER READE'S THEATRES, Inc.,**
**Plaintiff,**

v.

**LOEW'S Incorporated and Loew's Thea-**
**tre & Realty Corporation,**
**Defendants.**

United States District Court
S. D. New York.

July 2, 1957.

580

William Gold, New York City, for plaintiff.

Benjamin Melniker, New York City, for defendant Loew's Incorporated.

Archie Weltman, New York City, Joseph A. Macchia, New York City, of counsel, for defendant Loew's Theatre & Realty Corp.

LEVET, District Judge.

This is a treble damage action under the anti-trust laws. The defendants move to strike the complaint in its entirety on the ground that it fails to comply with the requirements of Rule 8(a) (2) and Rule 8(e) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A. and for certain alternative relief.

Rule 8(a) (2) is as follows:

"*(a) Claims* '*for Relief.* A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain * * * (2) a short and plain statement of

the claim showing that the pleader is entitled to relief, * * *"
Rule 8(e) (1) is as follows:

"*(e) Pleading To Be Concise and Direct; Consistency.*

"(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required."

Plaintiff, it is alleged, owns and operates the Woodbridge Drive-In Theatre in New Jersey. Defendants are Loew's Incorporated (a producer-distributor of motion pictures) and Loew's Theatre & Realty Corporation (an exhibitor of motion pictures). Certain distributors and exhibitors are named as co-conspirators, although not named as defendants.

Stripped of verbiage, it appears that plaintiff claims that its theatre is not in substantial competition with theatres in downtown Newark, New Jersey; that the defendants, pursuant to agreements and arrangements with the co-conspirators, imposed unreasonable clearances upon plaintiff's theatre in favor of other theatres; and that plaintiff's request for earlier exhibition rights was denied because of unlawful agreements to maintain clearance.

In addition, plaintiff makes the following allegations which the moving defendants seek to strike as an alternative to striking the entire complaint:

(1) A national conspiracy by the defendants and alleged co-conspirators to restrain and monopolize first run exhibition in the larger cities of the country. (Paragraph 5.)

(2) Exclusion of independents from first run exhibition in said cities and allocation of pictures to the defendants and their alleged co-conspirators. (Paragraphs 6 and 11(c).)

(3) The granting of unreasonable clearances, nationwide, to theatres (not limited to first run) formerly operated by the distributors. (Paragraph 8.)

(4) Conclusions of law. (Par. 7(g).)

(5) (a) Pooling agreements and joint interests throughout the United States formerly existing among the defendants and co-conspirators. (Paragraph 9(a).)

(b) Continued relationships between the distributors and the divorced exhibitor companies. (Paragraph 9(b).)

(c) References to the status of the divorcement proceedings between Loew's Incorporated and Loew's Theatre & Realty Company pursuant to the decree in United States v. Paramount Pictures, 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260. (Paragraphs 9(c), (d) and (e).)

(d) References to ownership of theatres by the alleged co-conspirators RKO and Stanley Warner. (Paragraphs 11 (b), (i), (iii).)

(e) References to theatres situated between the Newark downtown theatres and plaintiff's theatre without regard to ownership. (Paragraph 12(b).)

Paragraphs 5 and 6 allege a national conspiracy of the so-called "integrated distributors" with respect to so-called "first exhibitions." However, no allegation appears whereby the relevancy of these most general statements to the local situation is set forth, nor is there any allegation of damages to plaintiff as a result of the alleged nation-wide conspiracy.

Paragraph 9(a) goes far afield when it refers to "predecessors" of the "integrated distributors" and to "affiliates of both of them," thus extending the time backward in endless fashion.

Paragraphs 9(b), 9(c), 9(d) and 9(e) again refer to formal corporate divorcement proceedings involving the "integrated distributors." Such references are most remotely connected with the present claims by plaintiff and should be eliminated.

Subdivisions (b) (i) and b(iii) of Paragraph 11 refer to theatres of "integrated distributors," some of which were "divested." Ambiguous statements are also set forth in Paragraph 11, such as "likewise owned and operated by in-

582

tegrated distributors and which still remain parts of their divorced circuits or which were of either of them, * * *." Paragraph 12(b), which refers to theatres "In the area of Newark and between said theatres in downtown Newark and plaintiff's theatre at Woodbridge," is equally vague, without identification of ownership or specification. The identification of theatres is made even more difficult by the usage of the words "some of which" in three separate clauses of a single sentence.

█ On the whole, the complaint is not in compliance with Rules 8(a) (2) and 8(e) (1). This statement is made with due consideration for the necessity of some detailing of facts in an antitrust action. The averments are neither simple, concise nor direct. The allegations particularly referred to above have no relevance to the cause of action concerned. To such allegations, the defendants should not be required to plead.

██ Much of the remaining parts of the complaint consist of dissertations on the economics of the motion picture industry, the development of motion picture art and unnecessary historical commentary. For example: "It concerns the motion picture industry which involves a continuity of transactions consisting of [etc.]" (Paragraph 1(b) ); "During the period of plaintiff's operation of the said theatre as aforesaid and for some time previous, [etc.]" (Paragraph 4(a) ); "The motion picture is a relatively new art form recognized as an effective and universal medium for the diffusion of aesthetic, recreational and educational values [etc.]" (Paragraph 7(a)); "Over the years the defendants herein with and among the film distributors and the theatre operating subsidiaries of, and which were of, the largest of the said distributors, [etc.]" (Paragraph 10(e) ), etc. ad infinitum. Such prolixities and such complexities do not constitute sound pleading. The issues in an anti-trust action may be economic as well as legal, but counsel for the defendants are entitled to a short and plain statement of the claim in order to answer and to prepare to meet the issues presented. The purpose of Rule 8(a) (2) is to avoid verbose allegations; to notify the defendants of the claim upon which plaintiff seeks recovery; to assist and not deter the disposition of litigation on its merits; to achieve brevity and clarity in pleading and to shape the issues for trial.

██ It is necessary in an anti-trust action for treble damages to set out in reasonable detail the acts complained of, not the circumstances from which plaintiff draws its conclusions that violations of acts of Congress have occurred and that plaintiff had been damaged. A nation-wide conspiracy may be alleged only if plaintiff is properly alleged to be affected thereby and damages therefrom to this plaintiff are alleged. New Dyckman Theatre Corp. v. Radio-Keith-Orpheum Corporation, D.C.S.D.N.Y., 1954, 16 F.R.D. 203; Metropolitan Theatre Corp. v. Warner Bros. Pictures, D.C.S.D. N.Y., 1952, 12 F.R.D. 516; Brownlee v. Malco Theatres, D.C.W.D.Ark., 1951, 99 F.Supp. 312. A direction to make a more definite statement (Rule 12(e) ) in this instance would merely compound the present complexity.

Accordingly, the complaint is stricken with leave to plaintiff within 20 days to file an amended pleading which contains simple, concise and distinct averments in conformity with Rule 8 of the Federal Rules of Civil Procedure. The amended complaint should avoid the infirmities of the present complaint herein referred to. Defendants shall file answers or move with respect to the amended complaint within ten days after service thereof.

Settle order on notice.