Daniel LASKY, Gerard Jones, Sam Kerr, Helen Lasky, Edward Berger, Arthur Honig, Irwin Siegel and John Wisneski, as the Trustees of the National Organization of Industrial Trade Unions Insurance Trust Fund, Plaintiffs,

v.

SHEARSON LEHMAN BROTHERS INC., Francis de Cabia, Charles Massimi, and Paul G. Sullivan, Defendants.

No. 91 Civ. 1149 (RPP).

United States District Court, S.D. New York.

Nov. 25, 1991.

Kreisberg & Maitland, New York City by Gary Maitland and Laura Castelli, for plaintiffs.

Office of the Gen. Counsel, Shearson Lehman Bros. Inc., New York City by Jeffrey L. Friedman and Victor Machcinski, Jr., for defendants.

OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

This is an action for damages alleging violations of the Employee Retirement Income Security Act of 1974, ("ERISA"), the Securities and Exchange Act of 1934 ("'34 Act"), and the Racketeer Influenced Corrupt Organizations Act ("RICO"). All of

the causes of action are based on allegations of fraud or breach of fiduciary duty by the defendants, and all of the allegations in the Complaint are pled on information and belief only.

Defendants move jointly to dismiss the Complaint pursuant to Fed.R.Civ.P. 9(b) for failure to plead fraud with particularity and pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons set forth below, Defendants' motion is granted.

## DISCUSSION

### A. Rule 9(b)

Fed.R.Civ.P. 9(b) provides, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and any other condition of mind of a person may be averred generally." The Second Circuit has interpreted Rule 9(b) to prohibit a pleader from alleging fraud on the basis of information and belief. *Di Vittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987). However, there is a recognized exception to this rule that when facts are peculiarly in the knowledge of the opposing party, fraud allegations may be so alleged, in which event the allegations must be accompanied by a statement of the facts upon which the belief is based. *Id.* Rule 9(b) also requires the Plaintiff to specify: (1) precisely what statements or omissions were made, and in what documents or through what oral representations those statements were made, (2) the time and place of each such statement and the persons responsible for making (or, in the case of omissions, for not making) each such statement, (3) the content of such statements and the manner in which the statements misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. *Todd v. Oppenheimer & Co.*, 78 F.R.D. 415, 420–21 (S.D.N.Y 1978). *See also Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir.1989); *Moran v. Kidder Peabody & Co.*, 609 F.Supp. 661 (S.D.N.Y.1985). Furthermore, when fraud is alleged against multiple defendants, the acts complained of by each defendant should be separately set forth in the Complaint. *Zerman v. Ball*, 735 F.2d 15, 22 (2d Cir.1984). The Complaint begins with the statement that the allegations are made "upon information and belief unless otherwise stated." Complaint at 1. None of the 302 paragraphs of the Complaint state that the allegations contained therein are based on anything other than information and belief. The Complaint does not identify the allegedly fraudulent statements and omissions with the required specificity. Nor are the particular instances of fraudulent conduct of each individual defendant identified. Such pleading does not meet the requirements of Rule 9(b) as set forth in the case law of this Circuit. *See also Luce v. Edelstein*, 802 F.2d 49, 54 n. 1 (2d Cir.1986); *Schlick v. Penn–Dixie Cement Corp.*, 507 F.2d 374, 379 (2d Cir.1974), *cert. denied* 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975).

### B. Rule 8(a)

Rule 9(b) must be read together with Fed.R.Civ.P. 8(a) which provides that a complaint "shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." *Di Vittorio*, 822 F.2d at 1247. The statement should be plain in that it should state facts, not conclusions of fact. Pleading facts gives the court a basis to determine whether the pleader has a factual basis which justifies requiring the defendants to respond to court process. The statement should be short because unnecessary prolixity places an unjustified burden on the court and the responding party. *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to dismiss the complaint. *Salahuddin*, 861 F.2d at 42.

Plaintiffs' complaint fails to comply with Rule 8(a)'s "short and plain statement" requirement. It spans 73 pages and contains 302 separate paragraphs. Many of the allegations set forth merely state the factual and legal conclusions necessary to

prevail on the merits and are unsupported by facts. *See Clapp v. Greene,* 743 F.Supp. 273, 276–77 (S.D.N.Y.1990), *aff'd* 930 F.2d 912 (2d Cir.1991). *See also Packer v. Yampol,* 630 F.Supp. 1237, 1241 (S.D.N.Y.1986), *M & M Transportation Co. v. U.S. Indus., Inc.,* 416 F.Supp. 865 (S.D.N.Y.1976), *Decker v. Massey–Ferguson, Ltd.,* 681 F.2d 111 (2d Cir.1982), *Toomey v. Wickwire Spencer Steel Co.,* 3 F.R.D. 243 (S.D.N.Y.1942). Accordingly, the Complaint fails to satisfy the requirements of Rule 8(a).

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is granted. Pursuant to Fed.R.Civ.P. 15(a), Plaintiffs are hereby granted leave to file within 30 days an amended pleading which conforms to the requirements of Rules 9(b) and 8(a). Although the Court does not pass on the many substantive issues raised in Defendants' Motion to Dismiss and the Memorandum of Law filed in support thereof, Plaintiffs are advised to consider the points raised by Defendants if and when they file their amended complaint.

IT IS SO ORDERED.