**Charles M. WIESNER, Plaintiff,**

v.

**WILLKIE FARR & GALLAGHER, Robert M. Morgenthau, Det. Thomas Jackson, Kenneth J. Bialkin, Stephen W. Greiner, Jack Altbush and Louis A. Craco, Defendants.**

**No. 92 Civ. 0039 (RPP).**

United States District Court, S.D. New York.

Feb. 21, 1992.

Charles M. Wiesner, pro se.

Robert M. Morgenthau, Dist. Atty., New York County and Sp. Asst. Corp. Counsel (Marc Frazier Scholl, Asst. Dist. Atty., of

counsel), Willkie Farr & Gallagher by Brian E. O'Connor, New York City, for defendants.

## OPINION AND ORDER

ROBERT P. PATTERSON Jr., District Judge.

This case is before the Court on Defendants' applications to dismiss the Complaint filed by Plaintiff on January 2, 1992.[1] The first four counts alleged in the Complaint are essentially identical as those brought by Plaintiff in a prior action (*Wiesner v. Willkie Farr & Gallagher*, No. 88 Civ. 8753). That action was dismissed by Judge Wood in two decisions, *Wiesner v. Willkie Farr & Gallagher*, 1989 WL 51872, 1989 U.S. Dist. LEXIS 5149 (S.D.N.Y. May 12, 1989), and *Wiesner v. Willkie Farr & Gallagher*, 1989 WL 129510, 1989 U.S.Dist. LEXIS (S.D.N.Y. October 18, 1989). Judge Wood's orders of dismissal were affirmed by the Court of Appeals, *Wiesner v. Willkie Farr & Gallagher, et al.*, 907 F.2d 145 (2d Cir.1990), and final judgment was entered in the District Court on June 1, 1990.[2] The last two counts of the instant complaint charge the Defendants with procuring by fraud the decisions by Judge Wood (count V) and the decision of the Court of Appeals (count VI).

## BACKGROUND

In 1981, Plaintiff instigated suits in this Court against certain lawyers and law firms. As a result of those suits, the Court of Appeals entered an order which permanently enjoined "Charles Wiesner and others acting at his direction ... from instituting further actions in any court of the United States against all defendant-appellees in connection with any matter set forth in the complaints and amended complaints herein, or relating to events connected with that litigation." *Wiesner v. Rogers Hoge & Hill, et al.*, No. 81 Civ. 1575 (2d Cir. filed March 10, 1983).

Thereafter, in November 1984 Plaintiff brought a lawsuit in New York State Supreme Court against the following Defendants: Willkie Farr & Gallagher ("Willkie Farr"), a law-firm; Stephen W. Greiner, a partner at Willkie Farr; and Jack Altbush, a court reporter. Defendant Louis A. Craco appeared as attorney of record for the Defendants. In orders dated May 10, 1985 and June 24, 1985, Justice Ira Gammerman dismissed that action as time-barred. Count I of the instant Complaint charges that the defendants in that suit and Craco obtained that dismissal by fraud for which Plaintiff seeks five million dollars in damages.

In count II of the Complaint, Plaintiff states that in July 1985 he brought another action in New York County Supreme Court against the same defendants. In that action Plaintiff complained of the same acts as in the prior state action, but pled his claims in terms of breach of contract and breach of fiduciary duty. By order of February 20, 1986, Justice Robert E. White dismissed the action, and the dismissal was affirmed by the Appellate Division, and the New York Court of Appeals. Plaintiff claims that this dismissal was obtained by virtue of the fraudulent acts of the Defendants in that action, and by Defendant Craco. On this count Plaintiff seeks damages in the amount of ten million dollars.

---

1. Defendants' applications for dismissal were by letters dated January 16, 1992 from Willkie Farr & Gallagher and January 23, 1992 from the office of the District Attorney of New York County, both of which were addressed to Honorable Robert L. Carter of this Court and apparently were submitted with permission of the chambers of Judge Carter, and on the understanding that the applications by letter were to be treated as motions to dismiss. On January 27, 1992 Plaintiff filed "rebuttal" papers to each letter and on January 29, 1992 filed an "amended rebuttal" to the Morgenthau/Jackson "letter to dismiss." The District Attorney's office has also submitted a letter dated January 29, 1992 in reply to Plaintiff's rebuttal to which Plaintiff has filed an amended rebuttal. Since the Plaintiff has answered in full the "applications for dismissal" the Court will treat the applications as motions to dismiss which have been fully submitted.

2. To date it does not appear that any action has been taken to enforce the terms of that judgment which awarded Defendants double costs and one thousand dollars in attorneys fees to Willkie Farr.

In count III of the Complaint, Plaintiff alleges that on March 4, 1986, twelve days after Justice White's February 20, 1986 order, he was arrested by Defendant Thomas Jackson for harassing and threatening Defendant Kenneth J. Bialkin (a partner at Willkie Farr), Bialkin's wife, and two of his secretaries. Although Plaintiff maintains his innocence, he was convicted of aggravated harassment, and his conviction was affirmed by the Appellate Division, without opinion. Plaintiff alleges in the instant Complaint that Defendants Willkie Farr, Greiner, Bialkin, and Craco obtained this conviction by fraud in collaboration with Defendants Robert M. Morgenthau and Jackson. His prayer for relief is for a judgment that expunges from his record the false arrest and conviction, and for money damages in the amount of fifty million dollars.

In count IV of the Complaint, Plaintiff alleges that he was arrested on November 22, 1988 by three detectives acting under the supervision of Defendant Jackson, and falsely charged with, and prosecuted for, Attempted Grand Larceny by Extortion in the fourth degree and that, after a five week trial, such charges were dismissed. He prays to this Court for a judgment expunging from his record the false arrest as well as money damages of fifty million dollars against Defendants.

In count V of the Complaint, Plaintiff claims that on December 12, 1988 he brought an action in this Court requesting relief for the claims in counts I through IV, with the exception of those charges in count IV which had not yet taken place. Plaintiff alleges that this action was dismissed by Judge Wood's orders of May 11, 1989 and October 18, 1989 due to fraud on the part of the Defendants. Plaintiff's prayer for relief seeks an order setting aside Judge Wood's judgment dismissing the complaint, and fifty-five million dollars in money damages.

Count VI states that Plaintiff, by notice of appeal dated November 26, 1989, appealed Judge Wood's order dismissing his claims, that the appeal was dismissed, and that the Court of Appeals order of dismissal was fraudulently obtained since it was a forgery by Defendants. He seeks fifty-five million dollars in money damages.

## DISCUSSION

■ Counts I through IV of the Complaint charge all Defendants, with the exception of Morgenthau, with identical claims as those dismissed on the defendants' motion by Judge Wood on May 12, 1989 and October 18, 1989.[3] Accordingly, this Court dismisses counts I through IV against all Defendants other than Morgenthau under principles of *res judicata.* Rule 41(b) of the Federal Rules of Civil Procedure provides:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Judge Wood's dismissal does not fall under any of the exceptions listed in Federal Rule 41(b), therefore, her order of dismissal operates as an adjudication upon the merits. *See PRC Harris, Inc. v. Boeing Co.,* 700 F.2d 894, 896 (2d Cir.), *cert. denied,* 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983).

■ Defendant Morgenthau is not named in counts I and II. Since the Complaint was filed in 1992, more than three years after the alleged false arrest in count III occurred, count III is time-barred as to Defendant Morgenthau. *See Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); *Day v. Morgenthau,* 909 F.2d 75, 79 (2d Cir.1990) (on rehearing). Further, to the extent that counts III and IV allege any wrongful personal conduct

---

**3.** Judge Wood awaited the outcome of the proceedings set forth in count IV of the complaint before her, prior to dismissing the Plaintiff's claims against Defendant Jackson on October 18, 1989. Jurisdiction over an action by Plaintiff to expunge the record of his arrest on these charges lies with the courts of New York State.

against Defendant Morgenthau, the doctrine of prosecutorial immunity for the initiation and prosecution of charges against Plaintiff protects Morgenthau from a suit for money damages. *Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976).[4]  Therefore, as to Defendant Morgenthau the first four counts are dismissed.

■ Counts V and VI are an attempt to relitigate the case previously dismissed by Judge Wood (*Wiesner v. Willkie Farr & Gallagher,* No. 88 Civ. 8753), by claiming the outcome was obtained by fraud. Under Rule 9(b) of the Federal Rules of Civil Procedure, Plaintiff is required to plead fraud with specificity by indicating: (1) precisely what statements or omissions were made, and in what documents or through what oral representations these statements were made, (2) the time and place of each such statement and the persons responsible for making (or, in the case of omissions, for not making) each such statement, (3) the content of such statements and the manner in which the statements misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. *Lasky v. Shearson Lehman Brothers, Inc.,* 139 F.R.D. 597 (S.D.N.Y.1991), *citing Todd v. Oppenheimer & Co.,* 78 F.R.D. 415, 420–21 (S.D.N.Y.1978). *See also Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989); *Moran v. Kidder Peabody & Co.,* 609 F.Supp. 661 (S.D.N.Y.1985), *aff'd* 788 F.2d 3 (2d Cir. 1986). Furthermore, when fraud is alleged against multiple defendants, a plaintiff must plead with particularity by setting forth separately the acts complained of by each defendant. *Zerman v. Ball,* 735 F.2d 15, 22 (2d Cir.1984).

In counts V and VI Plaintiff has failed to comply with the strict pleading requirements of Rule 9(b). The allegations in both these counts implicate multiple defendants, yet fail to distinguish what action was tak-

en by whom and the specific time and place of each fraudulent action or statement. Accordingly, counts V and VI as against all Defendants are dismissed for failure to comply with Rule 9(b).[5]

### CONCLUSION

Plaintiff's Complaint against all Defendants is dismissed with prejudice. Plaintiff's willingness to refile counts I through IV despite the determinations of Judge Wood and the Second Circuit compel this Court to order sanctions against Plaintiff. Accordingly, the Court directs that judgment be entered for Defendants and against Plaintiff together with sanctions of $10,000 payable to the Clerk of this Court. Plaintiff is to take no further action in this Court on these charges or seek to relitigate the matters decided by Judge Wood and the Court of Appeals recited in this opinion. Such action would subject the Plaintiff to the imposition of further sanctions.

IT IS SO ORDERED.

**4.** Moreover, as Judge Wood found with respect to Defendant Jackson in count III, Plaintiff's claim is barred under common law principles governing a false arrest claim that results in conviction. *See Cameron v. Fogarty,* 806 F.2d 380, 386–87 (2d Cir.1986).

**5.** This Court has examined the order of the Court of Appeals dated May 18, 1990 and issued as mandate May 25, 1990. It is familiar with and recognizes the signatures of the members of the Panel, Chief Judge Oakes, Judge Pratt and Judge Leval and has determined that the order is not a forgery.