**In re MERRILL LYNCH & CO., INC. RESEARCH REPORTS SECURITIES LITIGATION.**

**No. 02 MDL 1484.**

United States District Court, S.D. New York.

Oct. 22, 2003.

Wolf Haldenstein Adler Freeman & Herz, LLP (by Daniel W. Krasner, Jeffrey G. Smith, Robert B. Weintraub, and Stefanie A. Lindeman), New York City, for Plaintiffs.

Kaplan Fox & Kilsheimer LLP (by Frederic S. Fox, Laurence D. King, and Donald R. Hall), New York City, for Plaintiffs.

Trenam, Kemker, Scharf, Barkin, Frye, O'Neill, and Mullis (by Marvin E. Barkin), Tampa, FL, for Defendant Merrill Lynch Focus Twenty Fund, Inc.

Skadden, Arps, Slate, Meagher & Flom LLP (by Jay B. Kasner, Edward J. Yodowitz, Scott D. Musoff and Joanne Gaboriault), New York City, for Defendants Merrill Lynch, Inc. and Merrill Lynch, Pierce, Fenner & Smith Incorporated.

Clifford Chance U.S. LLP (by James N. Benedict, Mark Holland, Mary K. Dulka, and Sanny B. Hua), New York City, for Defendants Fund Asset Management, L.P., Princeton Fund Distributors, Inc., FAM Distributors, Inc. and Princeton Services, Inc.

### ON MOTIONS TO STRIKE AND TO DISMISS

POLLACK, Senior District Judge.

### DECISION AND ORDER

This is one of the many class actions brought against brokerage firms under the securities laws following unrestrained speculation in volatile and highly untested common stocks. The internet bubble which was created thereby burst with a spectacular crash in the prices of common stocks in the Spring of 2000. The events and participants at issue herein are the same as those that this Court has recounted in its decisions in the companion class actions to date (made a part hereof). *See In re Merrill Lynch & Co., Inc.,* 273 F.Supp.2d 351 (S.D.N.Y.2003)(Pollack, J.) (the "24/7 and Interliant Action")(dismissing 24/7 and Interliant complaints); *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.,* 272 F.Supp.2d 243 (S.D.N.Y.2003)(Pollack, J.)(the "Global Technology Fund Action")(dismissing Global Technology complaint). The present case, a suit against a proprietary mutual fund, most resembles the Global Technology Fund Action. Plaintiffs, shareholders in the Merrill Lynch Focus Twenty Fund ("the Fund"), even share the same counsel as their counterparts in the earlier Fund Action, and sue virtually the same entities: the Fund, its manager, Fund Asset Management, L.P. ("FAM"), its underwriters, Princeton Funds Distributor, Inc.

and FAM Distributors, Inc., the manager's controlling persons, Merrill Lynch & Co., Inc. ("ML & Co.") and Princeton Services, Inc., and ML & Co.'s principal operating subsidiary, the broker-dealer and investment bank Merrill, Lynch, Pierce, Fenner & Smith, Inc. ("MLPF & S").

Plaintiffs and their counsel have so far been unable to formulate an adequate statement of their present claim devoid of improprieties. The Consolidated Amended Complaint dated August 15, 2003 ("the Amended Complaint") hardly measures up to the standards and requirements of the applicable statutes and the Federal Rules of Civil Procedure. Hence, the instant Amended Complaint is dismissed with leave to replead properly pursuant to Rules 8(a)(2) and (e) of the Federal Rules of Civil Procedure and to the applicable statutory requirements. Moreover, those paragraphs in the instant Amended Complaint that refer to or rely on the SEC's complaints against Merrill Lynch and Henry Blodget, on the NASD's complaint against Phua Young, on the 309 complaints in the ongoing *IPO Securities Litigation,* 21 MC 92(SAS), on the complaint and appendices in the ongoing *IPO Antitrust Litigation,* 01 Civ. 2014(WHP), and on the Affidavit of April 8, 2002 sworn to by one Eric Dinallo in Support of an Application for an Order Pursuant to New York's Martin Act, are hereby stricken under Fed.R.Civ.P. 12(f) and may not be repeated in any further amended pleading hereafter.

### DISCUSSION

*A. Rule 8, Fed.R.Civ.P.*

■ Notice pleading asks little of the pleader. A complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Likewise, "each specific averment of a pleading shall be simple, concise and direct." Fed.R.Civ.P. 8(e)(1). The purpose of these rules is relatively straightforward. "The statement [of the claim] should be plain in that it should state facts, not conclusions of fact." *Lasky v. Shearson Lehman Brothers Inc.,* 139 F.R.D. 597, 598–99 (S.D.N.Y.1991) (Patterson, J.)(citing *Salahuddin v. Cuomo,* 861 F.2d 40,

42 (2d Cir.1988)). Otherwise the court cannot determine whether the opposing party must respond. "The statement should be short because unnecessary prolixity places an unjustified burden on the court and the responding party." *Id.* at 598. Each averment should be direct because a complaint's factual allegations should be relevant to the cause of action brought. *See Walter Reade's Theatres, Inc. v. Loew's Inc.,* 20 F.R.D. 579 (S.D.N.Y.1957)(Levet, J.). When a complaint is not short and plain, or its averments are not concise and direct, "the district court has the power, on motion or *sua sponte,* to dismiss the complaint or to strike such parts as are redundant or immaterial." *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995).

■ The Amended Complaint in the present case spans 98 pages and 367 separate paragraphs. The prolix, discursive, redundant, argumentative, and disjointed assertions contained therein are improper. Many of the allegations merely state the conclusions necessary to prevail on the merits and are unsupported by facts. What facts the Amended Complaint does include are irrelevant to Plaintiffs' claim that the Focus Twenty Fund bought certain stocks in order to enhance Merrill Lynch's investment banking business. Conflicts of interest and litigation concerning stocks that the Fund *never held* have no place in a complaint that would be too long even without such tangents.[1] Such irrelevancies are contrary to Rule 8(a), which "serves to sharpen the issues to be litigated and to confine discovery ... within reasonable bounds." *Chodos v. F.B.I.,* 559 F.Supp. 69, 71 (S.D.N.Y.1982) (Motley, C.J.), aff'd, 697 F.2d 289 (2d Cir.1982), cert. denied, 459 U.S. 1111, 103 S.Ct. 741, 74 L.Ed.2d 962(1983). In sum, this Amended Complaint is in need of revision.

The present pleading is so steeped with impertinent and verbose material that the Court is compelled to reinforce Rule 8 with Rule 12(f). For the latter Rule is not only the appropriate remedy for the striking of

"any redundant, immaterial, impertinent, or scandalous matter," but "also is designed to reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (2d. ed.1990).

### B. Rule 12(f), Fed.R.Civ.P.

■ Generally, motions to strike are viewed with disfavor and infrequently granted. *See Eskofot A/S v. E.I. Du Pont De Nemours & Company,* 872 F.Supp. 81, 93 (S.D.N.Y.1995) (Leisure, J.) (citing *Lipsky v. Commonwealth United Corp.,* 551 F.2d 887, 893 (2d Cir.1976)). A motion to strike on grounds of impertinence and immateriality should be denied unless "it can be shown that no evidence in support of the allegation would be admissible." *Lipsky,* 551 F.2d at 893; *see Eskofot,* 872 F.Supp. at 94.

■ However, Second Circuit case law makes it clear that references to preliminary steps in litigations and administrative proceedings that did not result in an adjudication on the merits or legal or permissible findings of fact are, as a matter of law, immaterial under Rule 12(f) of the Federal Rules of Civil Procedure. *See Lipsky,* 551 F.2d at 892–94 (likening a consent decree between defendants and the SEC in a separate action to a plea of nolo contendere, and citing Fed.R.Evid. 410, which declares nolo pleas inadmissible, to hold that the consent decree and the SEC complaint which preceded it were both immaterial under Rule 12(f) and could not be used to prove liability); *United States v. Gilbert,* 668 F.2d 94, 97 (2d Cir.1981) (reasoning that a consent decree was more appropriately likened to the settlement of a civil suit than to a nolo contendere plea, so the governing Rule of Evidence was 408, not 410, but preserving *Lipsky's* holding that if an SEC complaint did not result or has not yet resulted in an adjudication on the merits, a plaintiff may not cite the complaint

---

1. For conflicts of interest relating to stocks the Fund never held, *compare* Compl. ¶ 148 *with* Exhibit 2. For litigation concerning the initial public offerings for approximately 301 stocks that the Fund never held, *compare* Compl. ¶ 194 *with* Exhibit 2. Plaintiffs describe Exhibit 2 as "an excel spreadsheet identifying ... information about every security which was in the Focus Twenty Fund portfolio on any of the twice annual reporting dates during the Class Period." (Compl. ¶ 150).

to prove underlying facts of liability); *Brotman v. National Life Ins. Co.*, No. 94–CV–3468 (SJ), 1999 WL 33109 at *2 (E.D.N.Y. Jan. 22, 1999) (reconciling the holdings of *Lipsky* and *Gilbert*). Similarly, references to an Attorney General's conclusory report following a preliminary investigation in a case that never was presented for nor reached an adjudication upon the merits, are also immaterial under Rule 12(f). *See Ledford v. Rapid–American Corp.*, No. 86 Civ. 9116, 1988 WL 3428, at *1–2 (S.D.N.Y. Jan. 8, 1988) (Keenan, J.) (relying on *Lipsky* and striking allegations in a complaint that referred to an investigation and report by the New York State Division of Human Rights which was a non-adjudicative step in the administrative proceeding where there had been no findings of fact); *Shahzad v. H.J. Meyers & Co., Inc.*, No. 95 Civ. 6196(DAB), 1997 WL 47817, at *13–14 (S.D.N.Y. Feb. 6, 1997) (Batts, J.) (striking the affidavit of an SEC investigator filed in a separate action as unrelated and serving no purpose in the present case other than to inflame the reader).

Accordingly, the allegations of the present Amended Complaint contained in paragraphs 6–15, 19–24, 98, 105–116, 123–125, 135, 139–140, 145–49, 160, 167, 194, 199–200, 215, 218–21, 316, as well as footnote 4 of paragraph 99 thereof, that refer to or rely on the SEC's complaints against Merrill Lynch and Henry Blodget, on the NASD's complaint against Phua Young, on the 309 complaints in the ongoing IPO Securities Litigation, on the complaint and appendices in the ongoing IPO Antitrust Litigation, and on the Dinallo Affidavit are hereby stricken under Rule 12(f) and may not be included in any amended pleadings hereafter.

### CONCLUSION

That portion of the Consolidated Amended Complaint dated August 15, 2003 which is not stricken as stated is dismissed without prejudice. Plaintiffs have ten (10) days to file an amended complaint, simply and concisely constructed, embodying a short and plain statement of Plaintiffs' claim as contemplated by the Federal Rules. Service and filing of

any further amended pleadings will be due at 12:00 noon on the specified day.

**SO ORDERED.**