In re MERRILL LYNCH & CO., INC. RESEARCH REPORTS SECURITIES LITIGATION

In re: Merrill Lynch & Co., Inc. Focus Twenty Fund Securities Litigation

Nos. 02 MDL 1484(MP), 02CV10221(MP).

United States District Court, S.D. New York.

Feb. 24, 2004.

Wolf Haldenstein Adler Freeman & Herz, LLP (by Daniel W. Krasner, Jeffrey G. Smith, Robert B. Weintraub, and Stefanie A. Lindeman), New York, New York, for Plaintiffs.

Skadden, Arps, Slate, Meagher & Flom LLP (by Jay B. Kasner, Edward J. Yodowitz, Scott D. Musoff and Joanne Gaboriault), New York, New York, for Defendants Merrill Lynch, Inc. and Merrill Lynch, Pierce, Fenner & Smith Incorporated.

Clifford Chance U.S. LLP (by James N. Benedict, Mark Holland, Mary K. Dulka, and Sanny B. Hua), New York, New York, for Defendants Fund Asset Management, L.P., Princeton Fund Distributors, Inc., FAM Distributors, Inc. and Princeton Services, Inc.

## DECISION AND ORDER

MILTON POLLACK, Senior District Judge.

Plaintiffs claim that allegations in their Second Consolidated Amended Complaint,

incorporating by reference 7 of the 309 complaints in the *Initial Public Offering Securities Litigation,* 21 MC 92(SAS) (*"IPO Securities Litigation"*), require me to disqualify myself under 28 U.S.C. § 455(a) because of my financial holdings in Citigroup, Inc., the parent of Salomon Smith Barney, Inc. ("SSB"), and Lehman Brothers, Inc. ("Lehman"). Neither of these companies is named as a defendant in this action. Rather they are defendants in certain of the 309 cases in the *IPO Securities Litigation* before Judge Scheindlin.

Plaintiffs' argument ignores the fact that this Court's October 22, 2003 Decision and Order ("October 22 Order") dismissing Plaintiffs' earlier Complaint struck Plaintiffs' allegations relating to the *IPO Securities Litigation* cases as immaterial to the *Focus Twenty* case—before Plaintiffs ever raised their recusal issue. *See In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.,* 218 F.R.D. 76, 79 (S.D.N.Y. 2003). As Plaintiffs themselves state, the October 22 Order "directed the plaintiffs to omit from any amended pleading ... 'those paragraphs in the instant Amended Complaint that refer to or rely on ... the 309 complaints in the ongoing *IPO Securities Litigation.*'" Pl. Br. at 4 (quoting October 22 Order, at 3). Plaintiffs also admit that the allegations upon which they now base their disqualification motion "were, of course, ... incorporated by reference" from 7 of the 309 *IPO Securities Litigation* cases. Pl. Br. at 3. Plaintiffs fail to explain how they can acknowledge that they were not permitted to include allegations that refer to or rely upon those seven *IPO Securities Litigation* cases and at the same time argue that "the Court did not strike the allegations relating to the seven *IPO Securities Litigation* stocks held by the Focus Twenty Fund." Pl. Reply at 2.

▮▮▮ The language in this Court's October 22 Order is and always has been clear.[1] The allegations that Plaintiffs cite as the basis for their motion to disqualify are not part of this action, and thus, Plaintiffs' motion to recuse is baseless. As Plaintiffs themselves state, "the *exact same* allegations," Pl. Br. 8 (emphasis added), involved here are involved in a prior action pending before another Judge in this Court. Rule 12(f) says that "upon the court's own initiative at any time, the court may order stricken from any pleading any ... redundant ... matter." I read that to include allegations in a prior pending suit in the same district before another Judge.

▮▮▮ Even were the Court to ignore the fact that the paragraphs at issue here are no longer properly part of the action, Plaintiffs' arguments that recusal is required in this case are without merit. First, Plaintiffs argue that there is an appearance that I will not rule against Merrill Lynch in this case because to do so would collaterally estop non-parties SSB and Lehman from contesting liability in the *IPO Securities Litigation* before Judge Scheindlin. This argument fails. Collateral estoppel will not apply unless the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication. *Levin v. Tiber Holding Corp.* 277 F.3d 243, 252 (2d Cir.2002); *N.L.R.B. v. Thalbo Corp.,* 171 F.3d 102, 109–10 (2d Cir.1999). SSB and Lehman are not parties to the *Focus Twenty* litigation. A non-party is considered to be in privity with a party to the

---

**1.** Plaintiffs are apparently confused as to what the Court expressed during an *in camera* conference on November 25, 2003. Regardless, such confusion is irrelevant given the clarity of the record in this case, including the specific wording of the Court's October 22 Order and its subsequent denial of Plaintiffs' motion to clarify.

prior adjudication "only if that non-party was represented by a party to the prior proceeding, or exercised some degree of actual control over the presentation on behalf of a party to that proceeding." *Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt International B.V. v. Schreiber*, 327 F.3d 173, 185 (2d Cir.2003).[2] Privity based on representation exists "only if the interests of the person alleged to be in privity were represented in the prior proceeding by another vested with the authority of representation." *Id.* (quotation and alteration omitted). Such authority exists where the party in the previous suit is "acting as either a fiduciary or organizational agent of the person against whom preclusion is asserted." *Id.*[3] Plaintiffs have not established that Merrill Lynch is either a fiduciary or agent of SSB or Lehman. Plaintiffs have also not established that SSB or Lehman exercise any actual control over Merrill Lynch's presentation of the *Focus Twenty* litigation. Thus, SSB and Lehman are not in privity with Merrill Lynch for collateral estoppel purposes.

■ Second, Plaintiffs cannot rely upon the assertion that even if they are wrong that collateral estoppel applies here, a lay person might mistakenly believe that it does and, therefore, might reasonably

question my impartiality. To the contrary, a reasonable person, knowing all the facts and circumstances, would conclude that every party gets his day in court, and this comports with the way collateral estoppel *actually* works. *See, e.g., In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir.1988) ("the test to be applied is an objective one which assumes that a reasonable person *knows and understands all the relevant facts*") (citations omitted) (emphasis in original), *cert. denied*, 490 U.S. 1102, 109 S.Ct. 2458, 104 L.Ed.2d 1012 (1989).

■ Third, the circumstances Plaintiffs have identified are so attenuated and remote that they simply do not give rise to an appearance of partiality under § 455(a) that would require my recusal. *See In re Certain Underwriter*, 294 F.3d 297, 305 (2d Cir.2002). My interest in two non-parties is too remote to support recusal. "[S]uch a rule would paint with too broad a stroke ... [and] the administratively daunting task of identifying such tangential 'interests' outweighs any benefit of eliminating the remote possibility of consequential bias." *In re Kansas Public Employees Retirement System*, 85 F.3d 1353 (8th Cir.1996). Further, Plaintiff's speculation that reasonable people might believe that "[I] would decide issues in a case before [me] in a particular way in hopes of

---

2. Plaintiffs appear to argue that the existence of a conspiracy could give rise to a relationship of privity between the parties. This argument has no legal merit, and is presented without citation to any case law or other authority that would suggest that it does. The authority is in fact to the contrary. *See, e.g., State v. Cedar Park Concrete Corp.*, No. 85 CIV. 1887, 86 CIV. 8128, 1997 WL 306909, at *11 (S.D.N.Y. March 21, 1997) (Preska, J.) *aff. in part and vac. in part sub nom New York v. Julius Nasso Concrete Corp.*, 202 F.3d 82 (2d. Cir.2000).

3. The case on which the Plaintiff relies, *In re Ionosphere Clubs, Inc.*, 111 B.R. 423 (Bkrtcy. S.D.N.Y.1990) (Lifland, C.J.), is inapposite to the instant case. The court there held in a bankruptcy case that "a finding of liability as to Eastern's codefendants may be extended to Eastern, and collateral estoppel may bar Eastern from litigating factual and legal issues critical to its defense," *id.* at 435, *because* Eastern's codefendants were its corporate parents and ultimately the individual controlling shareholder. *See id.* at 434. Neither Lehman nor SSB (nor indeed its parent, Citigroup, Inc.) are owned by, or have any other corporate relationship with, Merrill Lynch.

persuading a different judge presiding over a separate case to reach the same decision," is undeserving of any credence. *Id.* at 1362. Indeed, such an argument is, in essence, an attack on the very nature of the common law.

 Finally, Plaintiffs are arguing that I am required to recuse myself under § 455(a) because of a financial interest. However, while § 455(a) is a catch-all provision that has a "broader reach" than § 455(b) and can apply to the same facts, "the provisions have some ground in common as well, and should not be applied inconsistently." *Liteky v. United States,* 510 U.S. 540, 553, n. 2, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). The requirement that a judge recuse himself because of a financial interest is specifically treated in § 455(b)(4). "[W]hen one of those aspects addressed in (b) *is* at issue, it is poor statutory construction to interpret (a) as nullifying the limitations (b) provides, except to the extent the test requires." *Id.* (emphasis in original). As the Supreme Court explained, "[s]ince (a) deals with the *objective appearance* of partiality, any limitations that consist of a subjective-knowledge requirement are obviously inapplicable," *Id.* (emphasis in original); *see also Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 859–861, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988).

Section 455(b)(4) requires a judge to disqualify himself if he knows that he "has a financial interest in the subject matter in controversy or in a party to the proceeding." 28 U.S.C. § 455(b)(4).[4] Under *Liteky,* the subjective knowledge require-

ment of § 455(b)(4) is inapplicable to motions brought under § 455(a). However, under *Liteky,* the other limitations contained in § 455(b)(4) are applicable. Thus, I would be required to recuse myself in this case only if a reasonable person, knowing all the facts and circumstances, would believe that I have a financial interest in the subject matter in controversy or in a party to the litigation and that I knew I had such an interest. Plaintiffs point to no facts that would allow a reasonable person to conclude that I have a financial interest in the subject matter of *this* litigation[5] or an interest in a party in *this* litigation.

Plaintiffs' motion is denied.

SO ORDERED.

---

4. The Second Circuit has explained that the remaining language, "any interest that could be substantially affected by the outcome of the proceeding," means "an interest in the subject matter of the litigation or a party to it," presumably non-financial. *In re Drexel Burnham Lambert Inc.,* 861 F.2d at 1314.

5. Though not limited to such circumstances, courts have typically found a financial interest in the subject matter in controversy where the judge or immediate family members are class members. *See, e.g., Tramonte v. Chrysler Corp.,* 136 F.3d 1025, 1029 (5th Cir.1998).